SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF GREENE

NATIONSTAR MORTGAGE LLC,

                                        Plaintiff,

vs.

MEIR BERNSTEIN a/k/a MEIR SCHLOMO BERNSTEIN; NECHAMA BERNSTEIN; J & J CAPITAL REALTY ASSOCIATES LLC; MAZEL ASSOCIATES, LLC,

"JOHN DOE #1" through "JOHN DOE #12," the last twelve names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the premises, described in the complaint,

                                        Defendants.

**AFFIDAVIT OF MERIT AND AMOUNTS DUE**

Index No. 3:23-CV-00861

Property Address:
148 PARK LANE,
TANNERSVILLE, NY 12485

STATE OF __Florida__ )
                              ) 
COUNTY OF __Miami-Dade__ ) ss:

__Yvonne Acosta__, being duly sworn, deposes and says:

I am employed as a/an __Foreclosure Associate II__ of Nationstar Mortgage LLC ("Nationstar"), ("PLAINTIFF"). As such, I am authorized to make this Affidavit.

1. This affidavit is issued in support of the instant application for the appointment of a referee to compute.

2. I make this affidavit based on my personal knowledge and my review of business records created and maintained by Nationstar in the ordinary and regular course of business by persons who have a business duty to make such records. These business records were created at or near the time by, or from information provided by, persons with knowledge of the activity and




22-080754 - JaB

transactions reflected in such records. To the extent that the records for the subject loan were created by a prior servicer, those records have been verified for accuracy and incorporated into Nationstar's records in the regular course of business. Nationstar relies on the foregoing business records in the ordinary course of its business.

3. This is an action seeking to foreclose a mortgage upon residential property located at 148 PARK LANE, TANNERSVILLE, NY 12485 ("Premises").

4. That, MEIR BERNSTEIN ("Borrowers"), executed a note in favor of ARK MORTGAGE, INC., A NEW JERSEY CORPORATION dated September 20, 2017 in the amount of $267,000.00 ("Note"). *A copy of the Note is annexed hereto as **Exhibit "A"**.*

5. As security for the Note, MEIR BERNSTEIN and NECHAMA BERNSTEIN, ("Mortgagors") executed a mortgage in favor of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR ARK MORTGAGE, INC., secured by the Premises, dated September 20, 2017, and recorded on October 03, 2017, in Instrument Number M2017-2841 ("Mortgage"). *A copy of the Mortgage is annexed hereto as **Exhibit "B"**.*

6. The Mortgage was transferred to NATIONSTAR MORTGAGE LLC and said transfer was memorialized by an Assignment of Mortgage executed on March 6, 2023 and recorded May 4, 2023 in Instrument M2023-1134. *A copy of the assignment(s) is annexed hereto as **Exhibit "C"**.*

7. Plaintiff has and continues to be in possession of the Note since prior to the commencement of the action and is the entity entitled to enforce the Note. The Note contains an allonge(s) which is/are firmly affixed to the Note.

22-080754 – JaB

8. The Note provided for repayment in monthly installments commencing on a date set forth therein and continuing thereafter on the same date of each subsequent month until the Note was paid.

9. Borrowers breached the obligations owed Plaintiff by failing to tender the installment which became due and payable on July 01, 2019 and by failing to tender subsequent installments. That there is now due and owing to Plaintiff under said Note and Mortgage the principal sum of $260,174.23 with interest thereon from June 01, 2019, plus late charges, advances and any other charges due and owing pursuant to the terms of the Note and Mortgage. *A copy of Nationstar's business records I reviewed which confirmed the default in payment and the amount due is annexed hereto as **Exhibit "D"**.*

10. Due to the default in payments as described above, the Plaintiff has the right, pursuant to the Mortgage, to commence foreclosure proceedings.

11. I have personal knowledge of Nationstar's business practice for generating and mailing Default Notices. The Default Notices are generated automatically using data from Nationstar's loan servicing computer system which identifies loans that require said notices based on days of delinquency and the absence of any exclusion, such as a bankruptcy or active loss mitigation plan. Default Notices are sent to any borrowers at the mailing address of record in the system via first class mail. Each notice is placed in an envelope and postage is affixed and then delivered to a United States Post Office. This process is employed as part of Nationstar's regular business practice as a mortgage loan servicer, and is designed to ensure timely mailing of notices to consumers with respect to loans serviced by Nationstar. The loan records reflect that Nationstar followed its standard practices with respect to the mailing of default notices in connection with the subject loan.

22-080754 - JaB

12. Pursuant to the terms of the note and mortgage, the default notice dated August 10, 2022, advised the borrower(s) of the default, the action necessary to cure the default, the time within which to cure said default and that failure to do so would result in acceleration of the mortgage obligation.

13. My review of Nationstar's business records reveals that in accordance with the terms of the Mortgage, a Notice of Default dated August 10, 2022 was mailed to MEIR BERNSTEIN and NECHAMA BERNSTEIN at the property address and last known mailing address, if applicable, and the date given to cure default was September 14, 2022, more than 30 days after the date of the Notice of Default. *A copy of said Notice of Default and a copy of the records I reviewed concerning the mailing(s) is attached as **Exhibit "E"**.*

14. I have personal knowledge of Nationstar's business practice for generating and mailing 90 Day Notices. The 90 Day Notices are generated automatically using data from Nationstar's loan servicing computer system which identifies loans that require said notices based on days of delinquency and the absence of any exclusion, such as a bankruptcy or active loss mitigation plan. 90 Day Notices are sent to any borrowers and mortgagors at the mailing address of record in the system and the property address, if different, via first class and certified mail. Each notice is placed in an envelope, and a list of counseling agencies is included with the notice per the statutory requirements. A certified label and/or number is affixed to those notices sent via certified mail, postage is affixed to all envelopes and they are then delivered to a United States Post Office. This process is employed as part of Nationstar's regular business practice as a mortgage loan servicer, and is designed to ensure timely mailing of notices to consumers with respect to loans serviced by Nationstar. This mailing process applies both to the first class and

certified mailings. The loan records reflect that Nationstar followed its standard practices with respect to the mailing of 90 Day Notices in connection with the subject loan.

15. 90 Day Notices were mailed by first class, and certified, mail to the Premises, and the last known address if different than the Premises. The 90 Day Notices were sent more than 90 days before the commencement of the instant foreclosure action. *A copy of the 90 day notices and a copy of the records I reviewed concerning the mailing(s) is annexed hereto as **Exhibit** "F"*.

16. In accordance with RPAPL §1306, the Department of Financial Services Step 1 filing was completed within 3 business days of the mailing the 90-day letters. *A copy of the Department of Financial Services filing confirmation is annexed hereto as **Exhibit** "G"*.

REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK

17. As a result of the default, the amount presently due upon the Note and Mortgage, as of 03/07/2024, is as follows:

| | | |
|---|---|---|
| **Unpaid Principal Balance** *as of 7/1/2019, the default date* | | $260,174.23 |
| **Total Accrued Interest** *at 4.875% from 6/1/2019-3/7/2024* (*The interest amount provided may be less than what is legally allowed) | | $57,946.65 |
| Accrued Late Charges | | $281.63 |
| NSF Fee | | $80.00 |
| **Escrow Advance Balance** | | $46,038.46 |
| Escrow Beginning Balance | $0.00 | |
| Escrow Credits | $0.00 | |
| Advances for Hazard Insurance | $5,217.00 | |
| Advances for Flood Insurance | $4,510.00 | |
| Advances for Taxes | $36,561.29 | |
| Misc. Recovery | ($7,753.49) | |
| Misc. Advance | $7,503.66 | |
| **Corporate Advance Balance** | | $2,608.51 |
| BPOs | $0.00 | |
| Appraisals | $0.00 | |
| Property Inspections | $345.00 | |
| Property Preservation | $2,263.51 | |
| Unapplied Funds/Suspense | | $0.00 |
| | **Total Due:** | $367,129.48 |

REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK

22-080754 - JaB

*A copy of Nationstar's business records I reviewed to confirm the default in payment, the amount due and owing and to compile the above breakdown is annexed hereto as **Exhibit "H"**.*

Subscribed and sworn to under the penalty of perjury this 15th day of March, 20 24.

Nationstar Mortgage LLC

By: _____

Name: Yvonne Acosta

Title: Foreclosure Associate II

STATE OF **Florida** )
  )
COUNTY OF **Miami-Dade** ) ss:

On the 15th day of March in the year 2024 before me, the undersigned, a Notary Public in and for said State, personally appeared Yvonne Acosta, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s) or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public   Jacqueline Blenman

My Commission Expires: July 25th, 2026

JACQUELINE A. BLENMAN
MY COMMISSION # HH 289063
EXPIRES: July 25, 2026

22-080754 - JaB