UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

NATIONSTAR MORTGAGE LLC,

                              Plaintiff,

    vs.                                                  1:23-cv-00861
                                                                     (ECC/ML)

MEIR BERNSTEIN a/k/a MEIR SCHLOMO
BERNSTEIN; NECHAMA BERNSTEIN; J & J
CAPITAL REALTY ASSOCIATES LLC; MAZEL
ASSOCIATES, LLC;  "JOHN DOE #1" THROUGH
"JOHN DOE #12," the last twelve names being fictitious
and unknown to plaintiff, the persons or parties intended
being the tenants, occupants, persons or corporations,
if any having or claiming an interest in or lien upon the
premises described in the Complaint,

                              Defendants.

---

Joseph F. Battista III, Esq., *for Plaintiff*

**Hon. Elizabeth C. Coombe, United States District Judge:**[1]

### MEMORANDUM DECISION & ORDER

      On July 17, 2023, Plaintiff Nationstar Mortgage LLC (Nationstar) commenced this diversity action under Article 13 of the New York Real Property Actions and Proceedings Law (RPAPL) Article 13, N.Y. Real Prop. Acts. Law § 1301 *et seq.*, against Defendants Meir Bernstein a/k/a Meir Schlomo Bernstein and Nechama Bernstein (the Bernsteins), J&J Capital Realty Associates LLC (J&J Capital), and Mazel Associates, LLC (Mazel Associates).  Complaint (Compl.), Dkt. No. 1.  Nationstar seeks to foreclose on a mortgage encumbering 148 Park Lane, Tannersville,

---

[1] This case was originally assigned to the Honorable Thomas J McAvoy, Senior U.S. District Judge, and has been reassigned to the undersigned.  Dkt. 22.

New York 12485 (the Property). Compl. ¶ 1. The Bernsteins, J&J Capital, and Mazel Associates (collectively, the Named Defendants) have not filed an answer to the Complaint. Plaintiff requested and obtained an entry of default against the Named Defendants from the clerk under Rule 55(a) of the Federal Rules of Civil Procedure. Dkt. Nos. 12, 13. Plaintiff now moves for default judgment of foreclosure and sale.[2] Dkt. No. 16.

For the reasons set forth below, Plaintiff's complaint is dismissed without prejudice for failure to establish subject matter jurisdiction, and the motion for default judgment is denied. If Plaintiff intends to proceed with this action, Plaintiff must file an amended complaint within 30 days identifying the citizenship of each party, including the individual and/or entity members of the party-LLCs, for purposes of establishing diversity jurisdiction.[3]

I.   BACKGROUND

   A.   The Parties

According to the Complaint, Nationstar is a Delaware limited liability company, and it is a citizen of Delaware. Compl. ¶ 2. The members of Nationstar are not identified. The Bernsteins, the "record" Property owners and mortgagors, are residents and citizens of New York. Compl. ¶¶ 3, 4. Meir Bernstein is also a "Borrower." Compl. ¶ 3. J&J Capital is a New York limited liability company and New York citizen with a New York address that holds a subordinate mortgage for the Property. Compl. ¶ 5. Mazel Associates is a New York limited liability company

---

[2] Plaintiff incorrectly cites Rule 55(a), the provision for entry of default, instead of Rule 55(b), the provision for a default judgment.

[3] Before moving for default judgment, Plaintiff filed a notice of voluntary dismissal pursuant to Federal Rule of Procedure 41(a)(1)(A)(i) as to Defendants John Doe #1 through John Doe #12. Dkt. No. 15. Plaintiff now moves for the John Doe Defendants to be removed from the caption. The Court need not further address these submissions in light of its decision to dismiss the Complaint for failure to establish subject matter jurisdiction.

and New York citizen with a California address that holds a judgment lien that is subordinate to the mortgage. Compl. ¶ 7. The members of J&J Capital and Mazel Associates are not identified. Plaintiff does, however, allege that "no members of" J&J Capital or Mazel Associates "are a citizen of the State of Delaware." Compl. ¶¶ 6, 8.

### B. Plaintiff's Allegations

On September 20, 2017, Meir Bernstein executed a promissory note to Ark Mortgage, Inc. for $267,000 and interest. Compl. ¶ 13(a), Ex. B. The Bernsteins also executed a mortgage in the amount of $267,000 and interest to Mortgage Electronic Registration Systems, Inc. as Nominee for Ark Mortgage, Inc. *Id.* ¶ 13(a). On October 3, 2017, the mortgage was recorded in the Greene County Clerk's Office. *Id.*

On May 4, 2023, the mortgage was assigned to Nationstar. Compl. ¶ 13(b), Ex. D. As a result of the assignment, Plaintiff is the owner and holder of the mortgage and note. *Id.* ¶ 5.

The Bernsteins have not made monthly payments since July 1, 2019, Compl. ¶ 16, and Plaintiff has declared that the outstanding principal and interest are due immediately, *id*. ¶ 18. In addition, Plaintiff alleges that it has complied with RPAPL §§ 1304 and 1306 and "the provisions of Section 595a and Section 6-1 of the Banking Law and RPAPL § 1304 except where it is exempt from doing so," and that Plaintiff also provided "a copy of the 90 day notice and the proof of filing statement." *Id*. ¶¶ 19, 20, 21.

### C. The Motion

Plaintiff seeks to recover $367,129.48 consisting of (1) the unpaid principal balance of $260,174.23 and accrued interest of $57,946.65 as of March 7, 2024, (2) late charges of $281.63, (3) insufficient funds charges of $80, (3) escrow advances of $46,038.46, (4) property inspections of $345.00, and (4) property preservation of $2,263.51. Declaration of Joseph F. Battista, Esq.

("Battista Decl.") ¶ 11, Dkt. No. 16-2; *see also* Affidavit of Yvonne Acosta (Acosta Aff.), Dkt. No. 16-3.  Plaintiff also seeks costs of $1,342, Battista Decl. Ex. O at 2, and attorney fees of $5,225, *id*. Ex. P at 3.  Finally, Plaintiff requests that the Court appoint a referee to sell the Property and determine the amount of principal and interest due to the Plaintiff under the note and mortgage. *Id*. ¶ 3.

The Named Defendants have not responded to any filing in this action.

## II.    STANDARD OF REVIEW

"Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment." *Priestly v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011).  First, the plaintiff must "obtain an entry of default" under Rule 55(a).  *Id.* at 504.  *See also* Fed. R. Civ. P . 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."); Northern District of New York Local Rule (Local Rule) 55.1 (requiring a party "applying to the Clerk" for an entry of default to "submit an affidavit showing" that (1) "the party against whom it seeks a judgment" is "not an infant, in the military, or an incompetent person" and "has failed to plead or otherwise defend the action . . ." and (2) "it has properly served the pleading to which the opposing party has not responded.").

Second, the plaintiff must "apply to the court for a default judgment" under Rule 55(b)(2). *Priestly*, 647 F.3d at 505; *see also* Local Rule 55.2(b) ("A party shall accompany a motion to the Court for the entry of a default judgment, pursuant to Fed. R. Civ. P. 55(b)(2), with a clerk's certificate of entry of default[,] . . . a proposed form of default judgment, and a copy of the pleading to which no response has been made.").

Default judgments "are generally disfavored and are reserved for rare occasions." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir. 1993). Before a court enters a default judgment, it must "ensure that (1) jurisdictional requirements are satisfied, (2) the plaintiff took all the required procedural steps in moving for [a] default judgment, and (3) the plaintiff's allegations, when accepted as true, establish liability as a matter of law." *Windward Bora, LLC v. Brown*, No. 21-cv-03147, 2022 WL 875100, at *2 (E.D.N.Y. Mar. 24, 2022) (quotation marks and citation omitted).

### III. DISCUSSION

#### A. Subject Matter Jurisdiction

Plaintiff alleges that this Court has jurisdiction because there is diversity of citizenship. "[S]ubject matter jurisdiction is an unwaivable *sine qua non* for the exercise of federal judicial power. . . ." *Curley v. Brignoli, Curley & Roberts Assocs.*, 915 F.2d 81, 83 (2d Cir. 1990). "Two requirements must be met for diversity jurisdiction: (1) the amount in controversy in the case must exceed $75,000, and (2) the case must be between 'citizens of different States' or 'citizens of a State and citizens or subjects of a foreign state,' such that there is complete diversity of citizenship between every plaintiff and every defendant." *Windward Bora LLC v. Browne*, 110 F.4th 120, 125–26 (2d Cir. 2024) (quoting 28 U.S.C. § 1332(a)(1) & (2)).

"[A] limited liability company . . . takes the citizenship of each of its members." *Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt.*, 692 F.3d 42, 49 (2d Cir. 2012). As a result, "the party seeking to invoke the court's diversity jurisdiction must identify both the LLC's members and their citizenship." *136-61 Roosevelt LLC v. Starbucks Corp.*, 21-cv-3560, 2021 WL 2779287, at *1 (E.D.N.Y. July 2, 2021); *see also Harris v. Dioli*, 6:24-cv-00513 (BKS/TWD), 2024 WL 4802815 (N.D.N.Y. Nov. 15, 2024) (concluding that plaintiff had "failed to allege

5

diversity of citizenship as a basis for subject matter jurisdiction" where the complaint did "not set forth any allegations regarding the citizenship of each member" of an LLC and PLLC).

Here, Plaintiff has not identified the members of the three LLC parties: Plaintiff Nationstar, Defendant J&J Capital, and Defendant Mazel Associates.  Plaintiff alleges that J&J Capital and Mazel Associates are citizens of New York and that none of their members are "a citizen of the State of Delaware."  Dkt. No. 1 at ¶¶ 5, 6, 7, 8.  Nevertheless, "district courts in this Circuit regularly hold that allegations . . . that none of the members of a defendant limited liability company are citizens of the same state as the plaintiff[ ] are insufficient to invoke diversity jurisdiction." *Kenshoo, Inc. v. Aragon Advert. LLC,* 586 F. Supp. 3d 177, 180 (E.D.N.Y. 2022) (collecting cases).

Given that Plaintiff has not established that the Court has subject matter jurisdiction over this action, the Complaint is dismissed without prejudice and with leave to file an amended complaint, sufficiently and completely alleging the citizenship of every party to this action, within thirty days of this Memorandum-Decision and Order.  If Plaintiff chooses to file an amended complaint, the allegations asserting jurisdiction must identify the citizenship of each party, including the individual and/or entity members of the party-LLCs – Nationstar Mortgage LLC, J&J Capital Realty Associates LLC, and Mazel Associates, LLC – for purposes of establishing diversity jurisdiction.

    **B.**    **Motion for Default Judgment**

Without subject-matter jurisdiction, the Court cannot entertain Plaintiff's motion for default judgment.  *See U.S. Bank Tr., N.A. for LSF9 Master Participation Tr. v. Gross*, 255 F. Supp. 3d 427, 431 (W.D.N.Y. 2017) (denying motion for default judgment of foreclosure and sale where plaintiff failed to sufficiently allege facts establishing subject matter jurisdiction).

Accordingly, the motion for default judgment is denied with leave to renew. For the sake of judicial efficiency, the Court notes the following deficiencies in the motion for default judgment, should Plaintiff choose to refile.

### 1.    Liability[4]

By failing to answer the complaint or oppose a motion for default judgment, defendants are deemed to have admitted the factual allegations in the complaint. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability."); *Rolex Watch, U.S.A., Inc. v. Pharel*, No. 09-cv-4810, 2011 WL 1131401, at *2 (E.D.N.Y. Mar. 11, 2011) (citation omitted) ("In considering a motion for default judgment, the court will treat the well-pleaded factual allegations of the complaint as true, and the court will then analyze those facts for their sufficiency to state a claim."). "Still, the court must ensure the allegations provide a basis for liability and relief, and the court has discretion to require further proof of necessary facts." *Wilmington Sav. Fund Soc'y, FSB as Trustee of Aspen Holdings Tr. v. Fernandez*, 712 F. Supp. 3d 324, 330 (E.D.N.Y. 2024) (citing *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)).

"The decision whether to enter default judgment is committed to the district court's discretion." *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 116 (2d Cir. 2015). Even where a defendant has admitted all well-pleaded facts in the complaint by virtue of default, a district court "need not agree that the alleged facts constitute a valid cause of action," and may decline to enter a default judgment on that ground. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114,

---

[4] Virtually all of this discussion of the applicable law is taken from Chief U.S. District Judge Brenda K. Sannes's summary in *Avail 1 LLC v. Lemme*, No. 1:23-cv-1527 (BKS/CFH), 2024 WL 4566273, at *2 (N.D.N.Y. Oct. 24, 2024).

137 (2d Cir. 2011) (quoting *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)). Indeed, the Second Circuit has "suggested that, prior to entering default judgment, a district court is 'required to determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law.'" *Id.* (alteration in original) (quoting *Finkel*, 577 F.3d at 84).

"To prevail in a mortgage foreclosure action under New York law, the plaintiff must satisfy the common law elements and the statutory requirements set forth in Article 13 of the [RPAPL]." *Fernandez*, 712 F. Supp. 3d at 333 (citing *OneWest Bank, N.A. v. Conklin*, 310 F.R.D. 40, 44 (N.D.N.Y. 2015)). As relevant to this discussion of the deficiencies in Plaintiff's motion for default judgment,[5] Article 13 of the RPAPL requires lenders to comply with several statutory requirements in a foreclosure action. Specifically, a lender must (1) make an "affirmative allegation" in its complaint that it has "complied with all of the provisions of section five hundred ninety-five-a of the banking law and any rules or regulations promulgated thereunder," RPAPL § 1302(1)(b); (2) serve a notice, "Help for Homeowners in Foreclosure," with the summons and complaint, RPAPL § 1303; (3) send a notice warning of the risk of foreclosure 90 days before initiating foreclosure, RPAPL §1304; (4) file information with the Superintendent of the New York State Department of Financial Services within three business days of sending the 90-day notice, RPAPL § 1306; (4) serve a summons with a notice that the borrower is in danger of losing the home, RPAPL § 1320; and (5) "file in the clerk's office of each county where the mortgaged property is situated a notice of the pendency of the action," RPAPL § 1331, along with a copy of the complaint as required by CPLR § 6511(a). *See, e.g., Wilmington Sav. Fund Soc'y, FSB as Trustee of Aspen Holdings Tr. v. Bernash*, 1:23-cv-485 (AMN/DJS), 2024 WL 1285431, at *5

---

[5] Plaintiff's submission appears to reflect satisfaction of the common law elements of a mortgage foreclosure action.

8

(N.D.N.Y. Mar. 26, 2024) (describing these requirements).  Failure to follow these procedures has led several courts in this district to deny a motion for default judgment seeking foreclosure and sale.  *See, e.g., Bernash*, 2024 WL 1285431, at 7; *W. Coast Servicing, Inc. v. Giammichele,* No. 1:19-cv-1193 (GTS/CFH), 2020 WL 5229374, at *4 (N.D.N.Y. Sept. 2, 2020).

Here, Plaintiff has established that it complied with some, but not all, of the statutory requirements.  Plaintiff provided evidence that it complied with (1) the Section 1304 90-day notice requirement,[6] Battista Decl. Ex. F at 3, 41, 79, 117; (2) the Section 1320 New York State Department of Financial Services filing statement requirement, Battista Decl. Ex. G, and (3) the Section 1331 requirement that a notice of pendency be filed, Battista Decl. Ex. J.

Plaintiff has not, however, established that it fully complied with the Section 1302(1)(b) requirement for it to make an "affirmative allegation" that it has "complied with all of the provisions of section five hundred ninety-five-a of the banking law and any rules or regulations promulgated thereunder."  RPAPL § 1302(1)(b).  The Complaint alleges that "Plaintiff has complied with all the provisions of Section 595a and Section 6-1 of the Banking Law and RPAPL Section 1304, except where it is exempt from doing so," Compl. ¶ 20, but it does not refer to the "rules and regulations promulgated thereunder" as required by RPAPL § 1302(1)(b).  *Bernash*, 2024 WL 1285431, at *10; *Fernandez*, 712 F. Supp. 3d at 334 (finding the same error).  This is a

---

[6] The Section 1304 notice requirement does not apply "if the borrower no longer occupies the residence as the borrower's principal dwelling."  RPAPL § 1304(3).  Based on the evidence submitted, the Property is a second home for the Bernsteins and has never been their primary residence.  *See* Compl. ¶¶ 3, 4 (alleging that the Bernsteins' address is in Brooklyn, New York, and not the Property); Battista Decl. Ex. B at 3 (the address for the Bernsteins on the mortgage is the Brooklyn address); *see id.* at 14 (stating that the Bernsteins "shall occupy, and shall only use the Property as borrower[s'] second home").

9

sufficient basis to deny a motion for default judgment seeking foreclosure and sale. *See, e.g., Bernash*, 2024 WL 1285431, at *5.

Regarding the Section 1303 notice requirement, Plaintiff has not provided sufficient evidence that the Bernsteins received this notice. Plaintiff provided affidavits of service stating that the Bernsteins were served with the required notice, *see* Dkt. Nos. 4, 5, but has not provided copies of the actual notices served.[7] Plaintiff has also not provided sufficient evidence that it served a summons with the notice required by Section 1320.[8] The affidavits of service state that the Bernsteins were served with summonses containing "the additional notice requirements in accordance with RPAPL § 1320," Dkt. Nos. 4, 5, but Plaintiff has not provided copies of the summonses and notices actually served.

Finally, Plaintiff has not provided any evidence that it complied with CPLR § 6511(a) by filing its complaint with the Greene County Clerk's Office prior to or simultaneous with its filing of the notice of pendency. "This procedural defect warrants denial of [a motion for default judgment of foreclosure and sale.]" *Lancor*, 2021 WL 11670838, at *4*, see also Lemme*, 2024 WL 4566273, at *4 (denying motion for default judgment where there was "no evidence that Plaintiff submitted the complaint to the . . . Clerk's office or that the complaint [was] already on file there, as required by CPLR § 6511(a)); *Nationstar Mortg. LLC v. Moody*, No. 5:16-cv-279(LEK/ATB), 2017 WL 1373890, at *1, (N.D.N.Y. Apr. 13, 2017) (same).

---

[7] If Plaintiff chooses to file an amended complaint and, ultimately, renew its motion for default judgment, Plaintiff should address whether compliance with Section 1303 is necessary for a second home because that provision is required only for mortgagors "if the action relates to an owner-occupied one-to-four family dwelling." RPAPL § 1303.

[8] In any future motion for default judgment, Plaintiff should address whether compliance with Section 1320 is necessary for a second home. *See Lancor*, 2021 WL 4942083, at *2 ("Section 1320 is not limited to 'owner-occupied' dwellings.").

10

 2. **Damages**[9]

"[I]t is well established that 'while a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (quoting *Greyhound Exhibitgroup*, 973 F.2d at 158). On a motion for default judgment, a court "must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)). Therefore, "a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." *Overcash v. United Abstract Grp., Inc.*, 549 F. Supp. 2d 193, 196 (N.D.N.Y. 2008) (citing *Credit Lyonnais Sec. (USA), Inc.*, 183 F.3d at 155). "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." *Cement & Concrete Workers Dist. Council Welfare Fund*, 699 F.3d at 234 (citing Fed. R. Civ. P. 55(b)(2)); *Fustok v. Conticommodity Services, Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). When assessing damages, "the court cannot construe the damages alleged in the complaint as true," and it must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *W. Coast Servicing, Inc.*, 2020 WL 5229374, at *2 (quotation marks and citations omitted). "The note and mortgage, as the governing instruments, should determine any default damages." *Lemme*,

---

[9] Virtually all of this discussion of the applicable law is taken from Chief U.S. District Judge Brenda K. Sannes's summary in *Lemme*, 2024 WL 4566273, at *2.

2024 WL 4566273, at *4 (citing *Builders Bank v. Rockaway Equities, LLC*, No. 08-cv-3575, 2011 WL 4458851, at *5, (E.D.N.Y. Sept. 23, 2011)).

Plaintiff has submitted an affidavit from Yvonne Acosta, Nationstar Foreclosure Associate II, stating that the Bernsteins owe the following amounts as of March 7, 2024: (1) unpaid principal of $260,174.23; (2) unpaid interest of $57,946.65 as of March 7, 2024; (3) late charges of $281.63, (4) insufficient funds charges of $80, (5) escrow advances of $46,038.46, (6) property inspections of $345, and (5) property preservation of $2,263.51 for a total of $367,129.48.  Acosta Aff. ¶ 17.  Ms. Acosta provided "business records" to support those amounts.  *Id.* ¶ 9 and Ex. D.  Those records corroborate the unpaid principal of $260,174.23 and the interest rate of 4.875%, but without additional explanation, they are not sufficient to establish the remaining amounts with reasonable certainty.  *See OneWest Bank, N.A. v. Hawkins*, 14-cv-4656, 2015 WL 5706945, at *6-8 (E.D.N.Y. Sept. 2, 2015) (finding that affidavit and loan records were not sufficient to establish damages with reasonable certainty).  Plaintiff must explain what portions of the business records establish the remaining amounts.

The Court also notes that Plaintiff failed to provide a description of the proposed referee.  Any future motion for default judgment should address that deficiency.  *See, e.g., Nationstar Mortg. LLC v. Dolan*, No. 1:16-cv-1360 (GTS/CFH), 2018 WL 3323526, at *6 (N.D.N.Y. Jul. 6, 2018) (requesting Plaintiff provide a brief description of the requested referee).

### III. CONCLUSION

For the reasons stated above, it is hereby

**ORDERED** that Plaintiff's motion for default judgment, Dkt. No. 16, is **DENIED**; and it is further

**ORDERED** that Plaintiff's Complaint, Dkt. No. 1, is **DISMISSED without prejudice**; and it is further

**ORDERED** that Plaintiff is granted leave to file an amended complaint within 30 days of this Memorandum-Decision and Order, in which Plaintiff sufficiently and completely identifies the citizenship of each party, including the individual and/or entity members of the party-LLCs – Nationstar Mortgage LLC, J&J Capital Realty Associates LLC, and Mazel Associates, LLC – for purposes of establishing diversity jurisdiction; and it is further

**ORDERED** that if Plaintiff fails to file its amended complaint within 30 days of the date of this Memorandum-Decision and Order, the Clerk of the Court shall close this case without further order of this court; and it is further

**ORDERED** that the Clerk shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 26, 2025

_____
Elizabeth C. Coombe
U.S. District Judge